In the Matter of GEORGE C. CONIBER, Appellant, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.

Fourth Department, January 4, 1962.

*Darch & Noonan* (*Stephen B. Hughes* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Philip J. Fitzgerald* and *Paxton Blair* of counsel), for respondent.

BASTOW, J. P. The sole question presented on this appeal is whether respondent has the statutory power under paragraph (e) of subdivision 3 of section 510 of the Vehicle and Traffic Law to revoke an operator's license for " operating a motor vehicle * * * in a manner showing a reckless disregard for life or property of others " after a County Judge, following a plea of guilty to a violation of former section 58 of the same law (now § 1190) which prohibits reckless driving and is defined as operating a vehicle " in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway ", suspended the same license pursuant to subdivisions 1 and 3 of section 510.

It appears that on June 4, 1960, petitioner, while operating an automobile, collided with the rear of another vehicle. Petitioner was arraigned before a Magistrate, charged with driving while intoxicated. (Vehicle and Traffic Law, § 70, subd. 5; now § 1192.) The case was moved to the Grand Jury (Code Crim. Pro., § 57) which apparently indicted for the same crime. Petitioner plead guilty to the reckless driving charge and the other charge was dismissed. The court in addition to other punishment suspended petitioner's operator's license for three months. Subsequently, following a hearing, the respondent revoked the license to operate.

The proceeding was submitted to Special Term solely as one of law and in an opinion the application to annul the determination of respondent was denied. Following argument of the appeal the parties stipulated that the transcript of the proceedings before the Hearing Referee should be included as part of the record.

A determination of the issue requires a closer examination of section 510 of the Vehicle and Traffic Law. Subdivision 1 thereof authorizes respondent, the Superintendent of State Police, Magistrates in cities and first-class villages and certain described Judges (including any County Judge) to revoke or suspend an operator's license whether such action is thereafter denominated mandatory or permissive. Other Village Judges and Justices of the Peace may only act where revocation or suspension of the license is mandatory. Subdivision 2 provides for mandatory action. Most of the grounds for action follow court conviction

of certain specified crimes of which reckless driving (violation of § 1190) is not one except as to a multiple offender within a stated period.

Subdivision 3 provides for permissive suspension or revocation. Paragraph (a) thereof authorizes such action " for any violation of this chapter " which, of course, includes reckless driving in violation of section 1190. It apparently was pursuant to this authority that the County Judge suspended appellant's license for three months. Subdivision 3 further provides that where action is permissive, the licensee is entitled to a hearing except where action is taken on a court conviction. (Cf. *Matter of Drasin* v. *Kelly,* 6 A D 2d 453.)

Later the matter came to the attention of respondent. He did not attempt to revoke the license pursuant to paragraph (a) of subdivision 3 based upon the court conviction, recognizing that such action would have been an exercise of the discretionary power pre-empted by the County Judge and therefore presumably invalid. The respondent proceeded instead by way of a *de novo* hearing pursuant to paragraph (e) which authorizes suspension or revocation " for gross negligence in the operation of a motor vehicle  *  *  *  or operating a motor vehicle *  *  *  in a manner showing a reckless disregard for life or property of others." Following the hearing respondent revoked the license upon a finding of " reckless disregard for life and property of others."

Petitioner contends that such action based on the same operational facts was essentially the same as the act of the County Judge in suspending the license upon a conviction of reckless driving and that such administrative action may not be thus taken on two occasions for the identical wrongful act.

We are here considering statutory language that is similar and yet dissimilar. Reckless driving (violation of § 1190), as heretofore stated, is the operation of a vehicle " in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway." Disciplinary action following an administrative hearing may be taken pursuant to paragraph (e) of subdivision 3 of section 510 " for gross negligence in the operation of a motor vehicle " or operating one " in a manner showing a reckless disregard for life or property of others ".

An examination of the legislative history of the two provisions shows no particular legislative intent in the use of the somewhat different language in the two sections. The difference may only be explained by the fact that they were enacted at widely

different dates and from time to time have been amended and rearranged.

Prior to 1924 only chauffeurs and operators in New York City had to be licensed. The basic source of the present law is the so-called " Callan Law ", chapter 374 of the Laws of 1910. This chapter was amended by chapter 769 of the Laws of 1917 and, among other things, added a new section 290-a authorizing the then licensing official — the Secretary of State — to suspend a license or certificate of registration for, among other things, " d. Because of the gross negligence of the operator whereby person or property has been injured. * * * f. Operating a motor vehicle in a manner showing a reckless disregard for life or property of others." Then when licensing of all operators became mandatory we find in the same enactment (L. 1924, ch. 360) a new section 287-b prohibiting reckless driving. The language is the same as in the present law except that in the two places where " unreasonably " appears today the word then was " unnecessarily ". Section 290-a was also amended by the same enactment to give certain named Magistrates and Judges or the Commissioner of Motor Vehicles the power to revoke or suspend. Permission was granted to act for any violation of the article not requiring mandatory action and " (e) for gross negligence in the operation of a motor vehicle * * * or operating a motor vehicle * * * in a manner showing a reckless disregard for life or property of others ". As can be seen, former paragraphs (d) and (f) of section 290-a were consolidated into new paragraph (e) but the language was unchanged except it no longer was necessary to find that gross negligence resulted in injury to person or property. Thus, the power to suspend a license for gross negligence or reckless disregard for life or property of others antedated the creating of the crime of reckless driving by some seven years.

We conclude that the language of the portions of the two sections means the same thing; that when the County Judge took administrative action under section 510 by suspending appellant's license for reckless driving the respondent could not thereafter revoke the license upon a finding that the same acts constituted operating a vehicle " in a manner showing a reckless disregard for life or property of others ".

In *Matter of Jenson* v. *Fletcher* (277 App. Div. 454, affd. 303 N. Y. 639) our court was considering the power of the Commissioner to act under this identical statutory provision (present § 510, subd. 3, par. [e]). It was there said (pp. 457–458): " It is recognized in this State that ' gross negligence ' is something

more than ' ordinary negligence '. ' Gross ', ' culpable ', ' criminal ' and ' reckless ' are the equivalent of each other in meaning and sense when applied to negligence. Such negligence is defined as ' disregard of the consequences which may ensue from the act, and indifference to the rights of others.' (*People* v. *Angelo* [246 N. Y. 451], 457; *People* v. *Grogan,* 260 N. Y. 138.) Such meaning is the same whether applied in cases of manslaughter, negligently causing death, reckless driving or the section of the Vehicle and Traffic Law here under consideration.''

In *Matter of Hart* v. *Mealey* (287 N. Y. 39) the Commissioner revoked for a violation of then section 58—reckless driving. There was no conviction of this offense. In annulling the determination the court wrote (p. 42) : '' Accepting these undisputed facts as descriptive of the appellant's conduct immediately prior to the accident, we entertain no doubt that standing alone they do not afford proof that the appellant operated his car in a manner which unreasonably interfered with the free and proper use of the public highway, or unreasonably endangered users of the public highway. (Vehicle and Traffic Law, § 58; Cons. Laws, ch. 71.) There was nothing in the evidence which gave proof of a reckless disregard by the appellant of the consequences of his conduct or of his indifference to the rights of others. (*People* v. *Grogan,* 260 N. Y. 138.) '' In this language the court used in juxtaposition practically the same language found in present section 1190 and paragraph (e) of subdivision 3 of section 510.

Thus, it appears that the courts use all of these phrases to mean the same thing, reckless, culpable, gross or criminal negligence. Unreasonably interfering with the free and proper use of the highway or unreasonably endangering users thereof (§ 1190) means the same as gross negligence or a reckless disregard for life or property of others (§ 510). The touchstone decision in modern law on the subject is, of course, *People* v. *Angelo* (246 N. Y. 451, 457) where Judge ANDREWS wrote that '' ' culpable ' negligence is therefore something more than the slight negligence necessary to support a civil action for damages. It means, disregard of the consequences which may ensue from the act, and indifference to the rights of others.''

It has been written that '' Security of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible. The cases cited indicate that the rule of *res judicata* is applicable to such determinations as well as to the courts wherever consistent with the purposes of the tribunal, board or officer. (Cf. Res Judicata in Administrative Law, 49 Yale L. J. 1250.) ''

(*Matter of Evans* v. *Monaghan,* 306 N. Y. 312, 323, 324; see, also, 1 N. Y. Jur., Administrative Law, § 149.) Upon the facts here presented the public officials vested with authority by the provisions of section 510 to take permissive action to suspend or revoke an operator's license were limited to a single exercise of that discretion. The action of the County Judge in suspending appellant's license was the exercise of such discretion and his adjudication was final and prevented respondent from taking disciplinary action under the particular paragraph of subdivision 3 of section 510 chosen by him. We, of course, do not reach or pass upon the question as to whether respondent might have proceeded under another paragraph of subdivision 3 of section 510.

The order appealed from should be reversed and the determination of respondent annulled.

GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed and determination annulled, with costs to the petitioner.