■ BERNARD SCHULTZ, Respondent, v ACME FOLDING BOX COMPANY, INC., et al., Appellants, et al., Defendants.—In an action *inter alia* to recover pension benefits, allegedly fraudulently withheld from plaintiff, the appeal is from so much of an order of the Supreme Court, Queens County, dated January 16, 1976, as (1) denied the branch of appellants' motion which sought dismissal of the first and third causes of action and (2) granted plaintiff leave to serve an amended complaint, in which he could seek punitive damages as part of the first cause of action. Order modified, on the law, by adding to the second decretal paragraph thereof, immediately after the word "denied", the following: "except as to the first cause of action as against defendant Crown Color Design Corp.; and the said cause of action as against the said defendant is dismissed." As so modified, order affirmed insofar as appealed from, without costs or disbursements. No fact findings were presented for review. The presence of factual issues precludes the dismissal of the first and third causes of action as against all appellants except Crown. Only the third cause of action raises issues of fact as to Crown. Additionally, and purely as a matter of pleading, plaintiff should not, at this stage of the action, be precluded from alleging a claim for punitive damages. Whether under the proof adduced at the trial such a claim would be cognizable, should be left for determination at that time. Gulotta, P. J., Margett and Shapiro, JJ., concur; Hopkins, J., dissents and votes to reverse the order, insofar as appealed from, and to dismiss the first and third causes of action as against appellants, with the following memorandum, in which Latham, J., concurs: The plaintiff served a complaint containing five causes of action; on the motion to dismiss by the appealing defendants (hereafter called defendants), Special Term dismissed the second, fourth and fifth causes of action. We deal on this appeal, accordingly, with the first and third causes of action. The plaintiff alleges in the first cause of action that a pension plan established by the defendant Acme Folding Box Company was represented to him by the defendants as incorporating certain provisions, including a life insurance policy for his benefit, vesting prior to retirement, and that, relying on those representations, he continued to work for Acme. Those representations, says the plaintiff, were false in that his rights did not vest until he actually retired. It is then alleged that the plaintiff was discharged without cause and that he thereby suffered damage. In the third cause of action the plaintiff alleges that he is entitled to certain payments under the pension plan which he did not receive upon his discharge. The undisputed documentary proof supplied in this record conclu-

sively controverts the grounds of liability alleged by the plaintiff. It appears that the plaintiff, following his separation from employment, filed a claim for unemployment insurance benefits, that a hearing was held concerning the claim and that the Unemployment Insurance Appeal Board confirmed the referee's determination that the plaintiff was not entitled to benefits because he had voluntarily left his employment without good cause. Thus, the doctrine of collateral estoppel prevents the plaintiff from relitigating his claim that he was wrongfully discharged by the defendants (see *Ogino v Black,* 304 NY 872; *Matter of Di Donato v Rosenberg,* 256 NY 412; *Matter of Coniber v Hults,* 15 AD2d 252). That claim is, however, the linchpin of the plaintiff's first cause of action, which alleges that his wrongful discharge destroyed "any and all rights which [he] may have accumulated under the pension plan". The alleged false representations, even if proved, add nothing to the cause of action, for they depend on the validity of the allegation that the defendants' later action in discharging him was wrongful. Under these circumstances, a trial of the issues would be futile. The third cause of action, likewise, is vulnerable to the thrust of the undisputed documentary proof. It demonstrates that, upon his leaving his employment, he received an assignment of the insurance policies on his life and a check for $1,866.82 to compensate for a lower cash value of the policies due to a clerical error. Under the terms of the pension, this was the benefit to which the plaintiff was entitled because he had voluntarily left his employment prior to the time a pension would have vested upon retirement. For these reasons, I dissent and vote to reverse and to dismiss the complaint (cf. *Goodman v New York Univ.,* 39 NY2d 793).