■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PABON, Appellant.—Judgment of the Supreme Court, New York County (Hortense W. Gabel, J.), rendered October

14, 1982, convicting defendant, after a nonjury trial, of reckless endangerment in the second degree and sentencing him to a discharge upon condition that he surrender his driver's license and not reapply for a driver's license for the rest of his natural life, is modified, on the law, solely to the extent of limiting the condition of not reapplying for a driver's license for a period of one year, and otherwise affirmed.

In imposing a sentence of conditional discharge, a court may subject a defendant to reasonable conditions for the period of conditional discharge (Penal Law § 65.05 [2]). The allowable period for a conditional discharge in the case of a misdemeanor, of which defendant was convicted, is one year (Penal Law § 65.05 [3]). The court's sentence of a conditional discharge on condition "that [defendant] never apply for a driver's license during his natural life" therefore clearly exceeded the statutory maximum of one year, and we modify accordingly.

We have examined the defendant's remaining contentions and find them to be without merit. Concur—Sandler, J. P., Asch, Milonas, Ellerin and Wallach, JJ.