■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY STUART, Appellant.—Appeal by the defendant, as limited by his motion, from a resentence of the County Court, Suffolk County (Tisch, J.), imposed April 22, 1987, the resentence being two concurrent determinate terms of imprisonment of one year to be satisfied by 1,680 hours of community service within two years, upon his conviction of falsifying business records in the second degree (two counts), after a nonjury trial.

Ordered that the resentence is modified, on the law and as a matter of discretion in the interest of justice, by reducing the length of community service to 400 hours to be performed within a period of one year; as so modified, the resentence is affirmed.

Pursuant to Penal Law § 65.10 (2) (h), a court is vested with the discretionary power to require as a condition of probation or conditional discharge that the defendant "[p]erform services for a public or not-for-profit corporation, association, institution or agency". A court may impose a sentence of conditional discharge if it determines after considering the

nature and circumstances of the offense and the history, character and conditions of the defendant, that "neither the public interest nor the ends of justice would be served by a sentence of imprisonment" *(see,* Penal Law § 65.05 [1]). When a court imposes a sentence of a conditional discharge, the defendant is entitled to be released "with respect to the conviction for which the sentence is imposed without imprisonment or probation supervision but subject, during the period of conditional discharge, to such conditions as the court may determine" (Penal Law § 65.05 [2]).

Although the court, in the instance case, did not specifically utilize the phraseology "conditional discharge" during the sentencing proceeding, the sentence actually imposed was, for all practical purposes, tantamount to a conditional discharge. The defendant, pursuant to the court's directives, was entitled to be released with respect to the misdemeanor charges for which he was found guilty, without institutional confinement, on the condition that he perform 1,680 hours of community service within a 24-month period. Since Penal Law article 65 permits a court to attach such a condition in discharge of a sentence of imprisonment, we conclude, contrary to the defendant's contentions, that the sentencing court did not act in excess of its statutory powers when it directed the defendant to perform community service in lieu of imprisonment.

We find, however, that the length of time within which the defendant was directed to perform the community services, to wit, 24 months, was improper. Penal Law § 65.05 (2) provides that the court may direct that the defendant comply with certain conditions *during the period of conditional discharge.* Because the defendant was essentially sentenced to two concurrent terms of conditional discharge for a period of one year, the condition of community service attached thereto may not exceed a one-year term *(see, People v Pabon,* 119 AD2d 446, *lv denied* 67 NY2d 1055). Accordingly, we hereby modify the resentence by reducing the length of community service to 400 hours and direct that that service be performed within a period of one year. Bracken, J. P., Rubin, Eiber and Sullivan, JJ., concur.