*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 30, 2015        106104
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                 Respondent,

       v                            MEMORANDUM AND ORDER

GREGORY CARR,
                 Appellant.
_____

Calendar Date: March 23, 2015

Before: McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

Albert F. Lawrence, Greenfield Center, for appellant.

Mary E. Rain, District Attorney, Canton (Patricia C. Campbell, Syracuse, of counsel), for respondent.

_____

Clark, J.

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 14, 2013, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Pursuant to a plea agreement, defendant waived indictment and entered a guilty plea to a superior court instrument charge of driving while intoxicated, a class E felony based upon his prior conviction for driving while intoxicated (see Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c]), and waived his right to appeal. County Court indicated that it intended to follow the sentencing recommendation of the Probation Department but agreed that, if defendant abided by the terms of his release – including successfully completing substance abuse treatment, continuing to

test negative for prohibited substances, and refraining from consuming alcohol or illegal substances – no prison time would be imposed.  Defendant was released on supervision in order to complete treatment, but that release was later revoked after defendant had a positive chemical test and admitted consuming alcohol on two occasions.  The court thereafter imposed a prison sentence of 15 to 45 months and a period of conditional discharge with the condition, among others, that an ignition interlock device be installed in any vehicle owned or operated by him. Defendant appeals.

We affirm.  On appeal, defendant argues, for the first time, that his guilty plea was not voluntary in that he was not specifically advised during the plea allocution that a period of conditional discharge would be imposed.  The Legislature has mandated that "[i]n addition to the imposition of any fine or period of imprisonment . . ., the court shall also sentence such person convicted of [driving while intoxicated] to a period of probation or conditional discharge," with a condition requiring an ignition interlock device in any vehicle owned or operated by that person (Vehicle and Traffic Law § 1193 [1] [c] [iii]; see Penal Law § 60.21; accord People v Brainard, 111 AD3d 1162, 1164 [2013]; see People v O'Brien, 111 AD3d 1028, 1029 [2013]).  While defendant's challenge to his guilty plea as involuntary survives the uncontested appeal waiver, it was not preserved for our review by a specific objection on the grounds now raised or by a postallocution motion to withdraw his guilty plea (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Griffin, 117 AD3d 1339, 1339 [2014]), and the narrow exception to the preservation requirement was not implicated as defendant made no statements calling into doubt the voluntariness of his plea (see People v Tyrell, 22 NY3d at 364; People v Lopez, 71 NY2d 662, 666-667 [1988]).

Furthermore, the record reflects that defendant was advised during the plea proceedings that he faced a potential period of imprisonment and he was made aware of the requirement that he would be subject to an ignition interlock condition, "which is only effectuated through either the imposition of a period of probation or conditional discharge" (People v Griffin, 117 AD3d at 1339).  At sentencing, defense counsel unsuccessfully objected

to the imposition of a period of conditional discharge solely on the ground that it constituted a multiple penalty, an argument this Court has since rejected (see People v Brainard, 111 AD3d at 1163). Thus, because defendant had knowledge of a period of conditional discharge at sentencing, we conclude that the exception to the preservation doctrine does not apply (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied ___ US ___, 135 S Ct 90 [2014]; People v Murray, 15 NY3d 725, 726-727 [2010]; compare People v Louree, 8 NY3d 541, 546 [2007]) and, therefore, this argument is not preserved for our review. Under the circumstances, we decline to take corrective action in the interest of justice (see CPL 470.15 [6] [a]).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court