The People of the State of New York, Respondent,
against
Roberto Cardenas, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Diana M. Boyar, J.), rendered January 13, 2013, convicting him, upon a plea of guilty, of false personation, and imposing sentence.




Per Curiam.
Judgment of conviction (Diana M. Boyar, J.), rendered January 13, 2013, affirmed.
Defendant's guilty plea was knowing, intelligent and voluntary. At the plea proceeding, defendant knowingly acknowledged his desire to plead guilty to false personation (see Penal Law § 190.23); admitted the details of his crime; and acknowledged his understanding of the rights he was waiving by pleading guilty (see Boykin v Alabama, 395 US 238 [1969]), including the right to a trial, the right to have the prosecution prove his guilt beyond a reasonable doubt, and the right to have his lawyer present a defense (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]).
Defendant's claim that he was not specifically advised during the plea allocution that his sentence would include a conditional discharge is unavailing. Defendant pleaded guilty in exchange for a promised sentence of "one day of community service," and he was sentenced in accordance with his plea agreement. Although the court did not specifically articulate the words "conditional discharge" during the allocution, defendant was released with respect to the misdemeanor charge for which he pleaded guilty, without imprisonment or probation supervision. In the circumstances, the direction to perform community service could be effectuated only through a conditional discharge (see Penal Law § 65.05[2]; People v Stuart, 138 AD2d 425, 425-426 [1988]; People v Carr, 127 AD3d 1503 [2015]). Moreover, defendant was advised and agreed to the one day of community service, the sole condition imposed, without raising any objection (see People v Murray, 15 NY3d 725, 726-727 [2010]), and he does not allege that the sentence is otherwise illegal or unauthorized. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 20, 2016