■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS GRAHAM, Appellant. [595 NYS2d 759] —Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered February 21, 1992, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's argument that his second plea should be vacated because of the court's failure to make further inquiries as to its voluntariness before accepting it is unpreserved for appellate review as a matter of law, no motion having been made by defendant to withdraw the plea in the court of first instance (People v Mackey, 77 NY2d 846). If we were to reach the issue in the interest of justice, we would find that the plea was entered knowingly and voluntarily with the assistance of competent counsel and represented an intelligent choice among the alternatives available to defendant, that defendant was afforded a reasonable opportunity to present his contentions to the court, and that the court was therefore not required to inquire further (People v Harris, 61 NY2d 9, 19; People v Billingsley, 54 NY2d 960; People v Frederick, 45 NY2d 520, 525). Where, as here, the totality of the circumstances demonstrate that the plea was knowingly and voluntarily entered, its validity is not undermined by subsequent protestations of innocence (People v Billingsley, supra). Moreover, defendant had previously pleaded guilty, then reargued, and had his guilty plea vacated. Thereafter, he again pleaded guilty.

We have considered defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Asch, JJ.