■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GONZALEZ, Appellant. [718 NYS2d 825] —Judgment,

Supreme Court, New York County (Renee White, J.), rendered September 16, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years on each conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. When viewed in light of the actions of the other participants in the transaction, the totality of defendant's conduct, with particular reference to his use of what reasonably appeared to be a prearranged signal to his accomplice, warrants the conclusion that defendant acted as a steerer in the drug operation and did not merely provide information as to where drugs could be purchased (*see, People v Bello*, 92 NY2d 523).

Defendant's double jeopardy argument concerning his simultaneous conviction of criminal sale of a controlled substance in the third degree and in or near school grounds is without merit. "The prohibition against double jeopardy is not implicated when a defendant receives cumulative or multiple punishments for the same offense in a single prosecution as opposed to successive prosecutions [citations omitted] * * * Moreover, [defendant] received concurrent sentences, thereby eliminating any issue of multiple punishments." (*People v Leung*, 272 AD2d 88, 89.)

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.