■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LOPEZ, Appellant. [733 NYS2d 50] —Judgment, Supreme

Court, Bronx County (Megan Tallmer, J.), rendered March 6, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to four concurrent terms of 7½ to 15 years concurrent with a term of 4½ to 9 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of one count of criminal possession of a controlled substance in the third degree and dismissing that count, and otherwise affirmed.

The court properly exercised its discretion in admitting expert testimony on street-level narcotics transactions. The expert testimony was not based on speculation and was relevant to explain defendant's role in the transaction and the absence of drugs or pre-recorded buy money on defendant's person when arrested (*see, People v Kelsey*, 194 AD2d 248). Furthermore, the testimony carried no suggestion that defendant was involved with drug trafficking on a larger scale than at street level. Although defendant argues that the expert testimony was cumulative to testimony given by the undercover officer, "[w]hether evidence should be excluded as cumulative is a matter that rests within the sound discretion of the trial court" (*Rosabella v Fanelli*, 225 AD2d 1007, 1008), and we do not find the evidence to be cumulative.

There was no improper delegation of judicial authority to a court officer when the court, with defense counsel's consent, directed a court officer to inform the jurors that they could take a break and to remind them of the court's prior admonition not to engage in premature deliberations. This constituted a ministerial act, not a judicial function (*People v Bonaparte*, 78 NY2d 26; *People v Crespo*, 267 AD2d 36, *lv denied* 94 NY2d 878; *People v Sarasti*, 228 AD2d 624, *lv denied* 88 NY2d 994). Defendant's claim that the court officer may have provided substantive instructions is speculative and not supported by the record (*see, People v McPhatter*, 235 AD2d 233, *lv denied* 89 NY2d 1038).

Defendant's claim that his conviction at a single trial of both criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds violates the prohibition against double jeopardy is without merit (*People v Gonzalez*, 279 AD2d 273, *lv granted* 96 NY2d 863).

The conviction of criminal possession of a controlled substance in the third degree based on the heroin sold to the undercover officer is vacated in the interest of justice as a non-inclusory concurrent count of criminal sale of a controlled substance in the third degree (*see, People v Gaul*, 63 AD2d 563, *lv denied* 45 NY2d 780).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Williams, Mazzarelli, Lerner and Friedman, JJ.