■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY JOHNSON, Also Known as VIRGIL GARCIA, Appellant. [750 NYS2d 78] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered December 14, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, and judgment, same court (William Mogulescu, J.), rendered January 11, 2000, convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a concurrent term of 2½ to 5 years, unanimously affirmed.

The court properly denied defendant's request for a missing witness charge concerning two officers who did not observe any aspect of the drug transaction leading to the arrest (*see People v Rincon*, 295 AD2d 166). The testimony of the two uncalled officers would, at most, have impacted upon the credibility of a third officer, who testified about the radio communications but who likewise did not observe the transaction. We further note that the undercover officer's testimony was not contradictory or significantly impeached, and, contrary to defendant's argument, there was corroborating evidence from the ghost who initiated the arrest of defendant. In any event, if there were error in failing to give a missing witness charge, it was harmless.

Defendant's claim that the prohibition against double jeopardy was violated by his conviction of both criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree is unpreserved (*People v Gonzalez*, 99 NY2d 76, *affg* 288 AD2d 118, 279 AD2d 273), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of the prohibition against double jeopardy (*see Missouri v Hunter*, 459 US 359, 366-368). We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223, *lv denied* 98 NY2d 641; *People v Kulakov*, 278 AD2d 519, *lv denied* 96 NY2d 785).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Andrias, Buckley, Sullivan and Friedman, JJ.