■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BELFER, Also Known as BRUCE BELFOUR, Also Known as BRUNO FERRARA, Appellant. [756 NYS2d 742] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered December 22, 1999, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, attempted murder in the second degree, criminal use of a firearm in the first degree and conspiracy in the fourth degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 8⅓ to 25 years, 12½ to 25 years and 1⅓ to 4 years, respectively, and order, same court and Justice, entered August 27, 2001, denying his motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant's postplea claims of innocence did not undermine a plea which, the record demonstrates, was not the result of ineffective assistance of counsel or coercion by the court, as defendant asserts, and was otherwise knowing and voluntary (*see People v Graham*, 191 AD2d 353 [1993]; *see People v Lopez*, 262 AD2d 109 [1999], *lv denied* 93 NY2d 1003 [1999], *habeas corpus denied sub nom. Lopez v Walker*, 239 F Supp 2d 368 [2003]). We note that, at sentencing, defendant did not assert innocence as such, but rather that if he were guilty, so too were the People's informants, and that it was a "travesty of justice" that the informants were not being prosecuted.

Defendant's claim that his simultaneous convictions of criminal use of a firearm and of either manslaughter or attempted murder violate the prohibition against double jeopardy is unpreserved (*see People v Gonzalez*, 99 NY2d 76, 82-83 [2002]; *People v Johnson*, 299 AD2d 287 [2002]), and we decline to review it in the interest of justice. Were we to review it, we would find no violation of the prohibition against double jeopardy (*see Aparicio v Artuz*, 269 F3d 78 [2001]; *Gonzalez*, 99

NY2d at 82). By his guilty plea, defendant waived his right to appellate review of his claim that he was selectively prosecuted for criminal use of a firearm (*People v Wright*, 260 AD2d 192 [1999]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.