■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN B. BENNETT, Appellant. [704 NYS2d 95] —Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Spinner, J.), rendered May 19, 1999, revoking a sentence of conditional discharge previously imposed by the same court upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous convictions of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree.

Ordered that the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant pleaded guilty to operating a motor vehicle while under the influence of alcohol and unlicensed operation of a motor vehicle in the first degree, and was sentenced to a conditional discharge with the condition that he successfully complete an alternative treatment program. Following a conditional discharge revocation hearing pursuant to CPL 410.70, the County Court found that the defendant had violated the conditional discharge by, *inter alia*, drinking alcohol, and resentenced him to a term of imprisonment.

Contrary to the defendant's contention on appeal, the court is authorized to impose a term of imprisonment upon the revocation of a sentence of conditional discharge (*see,* CPL 410.70 [5]; Penal Law § 60.01 [3]).

The defendant's additional claim that he was improperly sentenced without the benefit of an updated presentence report is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Oyebanji,* 246 AD2d 560; *People v Loper,* 215 AD2d 406). In any event, the testimony and documentary evidence produced at the revocation hearing, as well as the defendant's own presentence memorandum, provided the court with the "functional equivalent" of an updated presentence report (*People v Cruz,* 265 AD2d 488; *see, People v Figueroa,* 227 AD2d 501).

The defendant's waiver of his right to appeal, made at the time of his plea, precludes him from challenging the resentence on the ground that it is excessive (*see, People v Kemp,* 94 NY2d 831; *People v Seaberg,* 74 NY2d 1; *People v Loper, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.