OPINION OF THE COURT
Ciparick, J.
Defendant in each of these unrelated appeals was convicted of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]) based on a single drug transaction. Defendants now claim that their simultaneous convictions for offenses based on a single act violate the Fifth Amendment’s prohibition against double jeopardy.
The facts of these “buy-and-bust” cases are straightforward. In People v Gonzalez, an undercover narcotics officer approached a man entering a store in Manhattan and asked where he could purchase drugs. Without answering, the man walked over to defendant, asked him if he had “anything” and told him that the undercover was “looking.” Defendant said “you know how it works.”
Defendant then whistled across the street to Frederico Sepulveda and raised two fingers. Defendant instructed the officer to follow the man across the street to a Chinese restaurant *81 around the corner from a school. The two men entered the restaurant with Sepulveda following behind them. Inside the restaurant, the man told Sepulveda that defendant said to “give [the officer] one and to give me one too.” After handing the man a “small object” in exchange for a sum of money, Sepulveda asked the officer, “how many do you want?” The officer replied, “one,” and handed Sepulveda $10 in prerecorded buy money in exchange for a glassine of heroin.
After the sale, the officer radioed the field team that he made a “positive buy” and gave a description and location of the sellers. Within minutes, the field team arrived at the location and apprehended defendant and Sepulveda, both of whom matched the descriptions given by the undercover officer. Shortly thereafter, the undercover officer made a drive-by confirmatory identification of both men. Although the arresting officer recovered heroin and prerecorded buy money from Sepulveda, no drugs were recovered from defendant.
Following a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree and one count of criminal sale of a controlled substance in or near school grounds, all class B felonies for which he received concurrent sentences. The Appellate Division affirmed the conviction and a Judge of this Court granted defendant leave to appeal.
In People v Lopez, an undercover narcotics officer approached defendant and Melvin Rennock who were standing outside a building located 420 feet from a public school in Bronx County. The officer asked defendant for heroin and defendant instructed him to follow Rennock inside the building. Rennock led the officer to a small “mailbox area” where he asked the officer how many he wanted. The officer replied that he wanted one and handed Rennock $10 in prerecorded buy money. In return, Rennock handed the officer one glassine of heroin.
After completing the transaction, the officer returned to his car and radioed the backup team with a description and location of the sellers. Approximately 20 minutes later, defendant was apprehended after another officer, acting as ghost, observed him leave the building and enter a car. After a drive-by confirmatory identification by the undercover officer, defendant was placed under arrest; no drugs or prerecorded buy money were recovered from defendant’s person.
Defendant was convicted, following a jury trial, of criminal sale of a controlled substance in or near school grounds, crimi *82 nal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, all class B felonies for which he was sentenced concurrently. The Appellate Division modified by vacating defendant’s conviction of one count of criminal possession of a controlled substance in the third degree and dismissing that count and, as modified, affirmed. A Judge of this Court granted defendant leave to appeal.
Analysis
The Double Jeopardy Clause consists of three separate guarantees: (1) “It protects against a second prosecution for the same offense after acquittal. [(2)] It protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishments for the same offense” (North Carolina v Pearce, 395 US 711, 717 [1969]). The cases before us fall within the third category as each involves a single trial based on the same act, resulting in concurrent sentences.
The first two categories implicate the jurisdiction and authority of the court and are thus reviewable by this Court despite a defendant’s failure to object (see People v Michael, 48 NY2d 1 [1979]). As we stated in Michael, the “obvious jurisdictional overtones” attendant to a double jeopardy claim presented the Court with a question of law so fundamental that it rendered preservation of the issue unnecessary (see Michael, 48 NY2d at 7). Thus where a defendant is retried, despite a constitutional double jeopardy defense, a failure to object is not fatal to his claim.
The cases before us, however, are quite different. Each defendant faced multiple charges arising out of a single act that led to concurrent sentences. These cases, as contrasted to Michael, turn not on the jurisdiction or authority of the court but on whether the Legislature intended to authorize such multiple punishments (see Missouri v Hunter, 459 US 359, 366-368 [1983]). That question may only be reached following a threshold determination of “what punishments the Legislative Branch has authorized” (Whalen v United States, 445 US 684, 688 [1980]). As long as the Legislature intended to impose cumulative punishments for a single offense, “a court’s task of statutory construction is at an end” and no constitutional double jeopardy claim is implicated (Missouri v Hunter, 459 US at 368-369).
Since the permissibility of multiple punishments in this situation presents a question of statutory interpretation, a defen *83 dant is required to preserve such a claim. Neither defendant did so, and we therefore may not consider their claims here (see CPL 470.05 [2]).*
With respect to defendant Lopez, we perceive no abuse of discretion in the trial court’s admission of expert testimony on street-level narcotics transactions. The expert’s brief testimony was admitted for the limited purpose of explaining the absence of prerecorded buy money and the sellers’ respective roles in street-level drug sales (see People v Brown, 97 NY2d 500 [2002]). To the extent defendant claims that the court failed to give an appropriate limiting instruction, he waived this claim by declining the court’s offer to deliver such an instruction.
Defendant Gonzalez’s challenge to the hearing court’s probable cause determination involves a mixed question of law and fact (see People v Brown, 95 NY2d 942, 943 [2000]), and therefore our review is limited to whether there is record support for the lower courts’ determinations (see People v McIntosh, 96 NY2d 521, 524 [2001]). Such record evidence exists here. Defendant’s remaining challenge to the sufficiency of the evidence is without merit.
Accordingly, the order of the Appellate Division, in each case, should be affirmed.

 Judge Smith is of the opinion that preservation is not required but nevertheless concludes that the Legislature intended to authorize multiple punishments under the circumstances presented here.