■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. CHARLAND, Appellant. [819 NYS2d 309]—

Rose, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered July 26, 2005 in Essex County, which revoked defendant's conditional discharge and imposed a sentence of incarceration.

In July 2004, defendant pleaded guilty to unlawful imprisonment in the second degree and harassment in the second degree. Supreme Court thereafter sentenced him to a one-year conditional discharge and issued an order of protection in favor of his wife and children. In January 2005, a declaration of delinquency was filed alleging that defendant violated the terms of his conditional discharge by failing to abide by the law. Following a hearing, Supreme Court found that defendant had violated his sentence by attempting to illegally purchase a firearm and making false statements on the written application in connection therewith. As a result, defendant's conditional discharge was revoked and he was resentenced to one year in jail. Defendant now appeals and we affirm.

Initially, the People point out that defense counsel expressly stated on the record that defendant would "waive appeals [and] not file a notice of appeal" in exchange for their recommendation of a sentence of time served. Although Supreme Court did not follow it, the People note that they fulfilled their promise by making such a recommendation. However, such a waiver does

not preclude us from considering this matter, for it was not a condition of an agreed-upon plea arrangement (*cf. People v Lopez*, 6 NY3d 248, 255 [2006]) and the record sheds no light on the question of whether its intended scope includes anything other than a challenge to the sentence (*see People v Santalucia*, 9 AD3d 740, 740 [2004]).

Turning to the merits of defendant's appeal, we find that the People established by a preponderance of the evidence that defendant violated the terms of his conditional discharge (*see* CPL 410.70 [3]). It is undisputed that an order of protection was in effect directing defendant to refrain from conduct including assault, stalking, harassment, intimidation and threats toward his wife and children, and to surrender all of his firearms. Despite that, defendant filled out an application to purchase a firearm in which he expressly represented that he was not "subject to a court order restraining [him] from harassing, stalking, or threatening" his wife or children. That particular portion of the application referenced 18 USC § 922, which defines "court order" as one which, among other things, "restrains [a] person from harassing, stalking, or threatening an intimate partner . . . or child of such intimate partner" (18 USC § 922 [g] [8] [B]) and "by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child" (18 USC § 922 [g] [8] [C] [ii]). The first defining feature is plainly set forth in the order of protection in this case and the second is satisfied by the order's direction that defendant refrain from acts that "create an unreasonable risk to the health, safety or welfare" of his family. In addition, we note that the federal statutory requirements that the court order be issued following a hearing and state certain findings (*see* 18 USC § 922 [g] [8] [A], [C]) were obviated by defendant's consent to entry of such an order during the plea negotiations. Inasmuch as defendant concedes that the order further required him to surrender all firearms and we view this provision as prohibiting his possession of any firearm, the order was "sufficiently definite ' "to give a person of ordinary intelligence fair notice that his [or her] contemplated conduct is forbidden" ' " (*People v Stuart*, 100 NY2d 412, 420 [2003], quoting *People v Nelson*, 69 NY2d 302, 307 [1987]; *see Matter of Tavarez v Goord*, 237 AD2d 837, 838 [1997]). As a result, Supreme Court reasonably concluded that defendant attempted to possess a firearm with knowledge that its possession would violate the order of protection. In light of the foregoing, we discern no basis to disturb Supreme Court's finding that defendant violated his conditional discharge by the criminal purchase of a weapon (*see* Penal Law § 265.17) and making a false statement on the firearm applica-

tion (*see* Penal Law § 175.30). Given our disposition, defendant's remaining claims have been rendered academic.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.