Egan Jr., J.
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered January 24, 2011, convicting defendant upon her plea of guilty of the crime of vehicular manslaughter in the first degree.
Following a night of hard drinking, defendant and the victim each left the All Inn Lounge in Franklin County. Although defendant and the victim departed from that establishment separately, both of them subsequently wound up on St. Regis Road in the Town of Bombay, Franklin County at approximately 5:30 a.m.; the victim was walking along the road on foot and defendant was driving her Pontiac minivan. Defendant struck the victim with her vehicle, and the victim died from the injuries inflicted.
Defendant thereafter was indicted and charged in a four-count indictment with various alcohol-related driving offenses and, in full satisfaction thereof, pleaded guilty to vehicular manslaughter in the first degree and waived her right to appeal except—insofar as is relevant here—as to issues related to sentencing. County Court, consistent with its representation that it would not sentence defendant to more than seven years in prison, thereafter imposed a sentence of 21fe to 7 years. Defendant now appeals.
We affirm. Initially,. to the extent that defendant contends that the presentence investigation report (hereinafter PSI) contained inaccurate information regarding the circumstances under which County Court could order the installation of an ignition interlock device (see Vehicle and Traffic Law § 1198), the record reflects that County Court expressly deferred any issues regarding the installation of such a device to the Board of Parole (see Executive Law § 259-c [15-a]). As County Court plainly did not rely upon the purportedly erroneous information contained in the PSI on this point, we perceive no legal defect in the sentence imposed (see People v Williamson, 72 AD3d 1339, 1339 [2010], lv denied 15 NY3d 779 [2010]; see also People v Walworth, 167 AD2d 622, 623 [1990]). Additionally, even assuming that defendant’s related ineffective assistance of counsel claim impacts upon the voluntariness of her plea and, hence, survives her unchallenged waiver of the right to appeal, this issue is—absent record evidence of an appropriate postallocution *1018 motion—unpreserved for our review (see People v Tatum, 82 AD3d 1411, 1411 [2011], lv denied 17 NY3d 810 [2011]).
Defendant’s challenge to the claimed severity of her sentence is equally unavailing. Although the PSI reflects that the instant offense represents defendant’s first criminal conviction, defendant has history of alcohol abuse, and her decision to operate a motor vehicle on the morning in question resulted in the death of a 21-year-old father of two. Accordingly, despite the remorse expressed by defendant at the time of sentencing, we cannot say that the sentence imposed was harsh or excessive.
Peters, P.J., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.