# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

171

KA 12-00536

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GEORGE J. PANEK, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Michael F. McKeon, A.J.), rendered February 21, 2012. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of felony driving while intoxicated ([DWI] Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Defendant was sentenced to concurrent indeterminate terms of incarceration of 1 to 3 years on each count, and to a post-incarceration conditional discharge and an ignition interlock device requirement for the DWI offense. At the outset, we note that the certificate of conviction omits the conviction of and sentence for aggravated unlicensed operation of a motor vehicle in the first degree, as well as the sentence for the DWI offense of a conditional discharge, and it must therefore be amended accordingly (*see People v Saxton*, 32 AD3d 1286, 1286-1287).

Defendant contends that the post-incarceration conditional discharge does not apply to sentencing after a violation of probation, and constitutes an illegal sentence. We reject that contention. Upon revoking probation, County Court properly sentenced defendant to a period of incarceration (*see* Penal Law §§ 60.01 [4]; 70.00 [2] [e]; [3] [b]). Pursuant to Penal Law § 60.21, the court was also required to sentence defendant to a period of probation or conditional discharge, to run consecutively to any period of imprisonment. Inasmuch as section 60.21 applies "[n]otwithstanding [section 60.01 (2) (d)]," defendant's contention that the sentence violated section 60.01 (2) (d) is without merit (*see People v Oliver*, 98 AD3d 751,

751).

Defendant next contends that he should have been informed of the conditional discharge "prior to entering his plea of guilty or his admission to the violation of probation," and thus the conditional discharge with the ignition interlock device requirement should be stricken.  Insofar as defendant challenges his conviction following his plea of guilty, that challenge is not properly before us because he did not appeal from the original judgment (*see People v Perna*, 74 AD3d 1807, 1807, *lv denied* 17 NY3d 716).  Defendant relies on *People v Catu* (4 NY3d 242, 244-245) insofar as he contends that the conditional discharge was a direct consequence of his admission to the violation of probation, and that he therefore should have been advised of such at the time of his admission.  Assuming, arguendo, that we agree with defendant, we conclude that the proper remedy would be vacatur of the admission (*see People v Hill*, 9 NY3d 189, 191, *cert denied* 553 US 1048), and defendant does not seek that relief (*see People v Primm*, 57 AD3d 1525, 1525, *lv denied* 12 NY3d 820; *People v Dean*, 52 AD3d 1308, 1308, *lv denied* 11 NY3d 736).  Finally, contrary to defendant's contention, the sentence is "not unduly harsh or severe, particularly in view of defendant's [five] prior DWI convictions" (*People v Edenholm*, 9 AD3d 892, 893).

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court