OPINION OF THE COURT
M. William Boller, J.
Defendant has moved this court to dismiss his violation of probation, which he was sentenced to pursuant to Vehicle and Traffic Law §§ 1193, 1198 and Penal Law § 60.21, on the grounds that those sections are unconstitutional for vagueness; that defendant cannot be placed on probation after serving a one-year definite sentence; and that punishment for violation of such probation is in violation of the double jeopardy clause of the New York State Constitution. The Erie County Attorney’s Office opposes this motion.
For a violation of Vehicle and Traffic Law § 1193 (1) (c) (ii) a defendant will be sentenced in accordance with the applicable Penal Law statutes. The possible sentences are: probation, probation with a term of imprisonment of six months or less, a definite sentence of one year or less, or an indeterminate sentence.
Vehicle and Traffic Law § 1193 (1) (c) (iii) also requires a period of probation or conditional discharge to be imposed in addition to any period of imprisonment that is imposed at the time of sentence. Such period of probation shall be for the sole purpose of requiring the defendant to install an ignition interlock device on any automobile that he may have access to for a period of at least six months. This period of probation *823 must run consecutively to any term of imprisonment pursuant to Penal Law § 60.21.
Penal Law § 60.21 would appear to be in conflict with Penal Law § 60.01 (2) (d), which sets forth allowable sentences for felony convictions. Penal Law § 60.01 (2) (d) does not allow a period of probation to be imposed in conjunction with the imposition of a definite, indeterminate or determinate term of imprisonment.
On November 4, 2011, defendant was sentenced for driving while intoxicated, in violation of Vehicle and Traffic Law §§ 1192 (3) and 1193 (1) (c) (ii), a class D felony, to a one-year term of imprisonment, to be followed by a five-year term of probation, with the specific condition that he install an ignition interlock device on any vehicle available to him. On September 12, 2012, defendant was arrested for aggravated unlicensed operation of a motor vehicle. Specifically, he was operating the vehicle without an ignition interlock device. As a result of this arrest, the Erie County Probation Department filed a violation of probation with this court.
Defendant’s first contention that the law is unconstitutionally vague is based upon his argument that a defendant can only speculate as to what punishment he might face if his probation is violated for failure to operate a vehicle that is not equipped with an ignition interlock device.
When a court is considering
“a challenge to the constitutionality of a penal law on the grounds of vagueness, it is well settled that a two-pronged analysis is required. First, the statute must provide sufficient notice of what conduct is prohibited; second, the statute must not be written in such a manner as to permit or encourage arbitrary and discriminatory enforcement.” (People v Bright, 71 NY2d 376, 382 [1988].)
Vehicle and Traffic Law § 1198 (2) requires any person convicted of a driving while intoxicated offense to install an ignition interlock device on any automobile that he may operate as a condition of his probation. Section 1198 (9) of the Vehicle and Traffic Law makes operation of an automobile without a court ordered ignition interlock device a class A misdemeanor.
These sections clearly provide sufficient notice of what conduct is prohibited and what the consequences will be for violation of this statute. Thus, the statute is not unconstitutional for vagueness.
*824 Defendant’s second contention, that he cannot be placed on probation following a term of imprisonment because of the conflict between Penal Law § 60.01 (2) (d) and Penal Law § 60.21 is incorrect. When attempting to interpret a statute, courts are obliged to effectuate the legislative intent. (.People v Finnegan, 85 NY2d 53 [1995].) By a reading of the legislative memo regarding the addition of Penal Law § 60.21 it is clear that the legislature intended to ensure the use and monitoring of an ignition interlock device through the department of probation. Penal Law § 60.21 merely establishes an exception to Penal Law § 60.01 (2) (d) for those individuals convicted of driving while intoxicated offenses.
The question now before this court is does this court have the authority to impose a term of imprisonment for a violation of probation, after the defendant has served a one-year definite sentence or an indeterminate sentence.
If this court had imposed a sentence of probation or a term of imprisonment of six months or less to be followed by probation, it is clear that any violation of probation for failure to install an ignition interlock device would allow this court to impose a sentence of imprisonment. If the court had sentenced the defendant to an indeterminate sentence and defendant while released on parole had failed to install an ignition interlock device, as a condition of parole, he would be subject to any appropriate sanctions levied by the parole board.
The County Attorney contends that for a violation of probation pursuant to Penal Law § 60.21 the court has the authority to sentence the defendant to a term of imprisonment of up to six months pursuant to Penal Law § 60.01 (2) (d). This court disagrees with this contention. Penal Law § 60.01 (2) (d) allows for a term of imprisonment as a condition of probation to be served at the front end. The statute does not provide for a term of imprisonment for a future violation of probation.
After review of Penal Law §§ 60.01, 60.21, 65.00, 70.00, and Vehicle and Traffic Law §§ 1193 and 1198, it is apparent that the legislature has not established a term of imprisonment as a penalty for a violation of probation pursuant to Vehicle and Traffic Law § 1193 (1) (c) (iii) and Penal Law § 60.21. The only penalty set forth for failure to install an ignition interlock device as a condition of probation is a new charge pursuant to Vehicle and Traffic Law § 1198 (9), a class A misdemeanor.
As the court has no authority to impose a term of imprisonment for this violation of probation the question of double jeopardy is moot.
*825 This leaves the question of what sanction the court may impose for a violation of probation in this situation. Since the court cannot impose a term of imprisonment, the choice of remedies is either continued probation or a fine pursuant to Penal Law § 60.01 (3) (b) or (e).
Accordingly, defendant’s motion to dismiss his violation of probation is denied, and it is hereby, ordered that defendant appear on July 12, 2013, at 9:30 a.m., for further proceedings on his violation of probation.