McCarthy, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 18, 2012, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
In satisfaction of several charges, defendant pleaded guilty to one count of driving while intoxicated, a class E felony (see Vehicle and Traffic Law § 1192 [2]).[1] County Court sentenced him to a one-year term of interim probation, which included a condition that defendant complete an alcohol dependence treatment program. He failed to meet that condition, resulting in a violation of his interim probation. The court then sentenced defendant to the maximum prison term for an E felony, lVs to 4 years, along with a $1,500 fine. The court also imposed a term of five years of probation with ignition interlock conditions to run consecutively to the sentence of imprisonment, pursuant to Vehicle and Traffic Law § 1193 (1) (b) (ii) and Penal Law § 60.21. Defendant appealed.
*1163 While this appeal was pending, defendant was released from prison on parole supervision until the expiration of the maximum term of his sentence of incarceration in January 2016. Upon the recommendation of the St. Lawrence County Probation Department, County Court sua sponte vacated the sentence of probation and imposed a sentence of conditional discharge for three years, expiring in April 2016, with its only condition being a requirement that defendant install an ignition interlock device within 10 days of being determined eligible for relicensing by the Department of Motor Vehicles and maintain that device for a period of six months in any vehicle that he owns or operates.[2]
Penal Law § 60.21 does not impose an unconstitutional multiple punishment for one crime. The Double Jeopardy Clause of the US Constitution provides three distinct protections: “against a second prosecution for the same offense after acquittal,” “against a second prosecution for the same offense after conviction,” and “against multiple punishments for the same offense” (North Carolina v Pearce, 395 US 711, 717 [1969]; see People v Williams, 14 NY3d 198, 214 [2010], cert denied 562 US —, 131 S Ct 125 [2010]; People v Gonzalez, 99 NY2d 76, 82 [2002]). With regard to the third category, which defendant raises here, “[a]s long as the Legislature intended to impose cumulative punishments for a single offense, ‘a court’s task of statutory construction is at an end’ and no constitutional double jeopardy claim is implicated” (People v Gonzalez, 99 NY2d at 82, quoting Missouri v Hunter, 459 US 359, 368-369 [1983]).
The Legislature provided that individuals convicted of felony driving while intoxicated may be punished by a fine within a certain dollar range, imprisonment as provided in the Penal Law, or both (see Vehicle and Traffic Law § 1193 [1] [c] [i]). The fine and prison term imposed by County Court here fall within the ranges permitted by statute (see Vehicle and Traffic Law § 1193 [1] [c] [i]; Penal Law § 70.00 [2] [e]; [3] [b]). The Legislature also mandated that, “[i]n addition to the imposition of any fine or period of imprisonment . . . , the court shall also sentence such person convicted of [driving while intoxicated] to a period of probation or conditional discharge,” with a condition to install and maintain an ignition interlock device (Vehicle and *1164 Traffic Law § 1193 [1] [c] [iii]; see Penal Law § 60.21). Inasmuch as the plain language of the statutes requires a sentencing court to impose a period of probation or conditional discharge in addition to any fine or term of imprisonment for convictions pursuant to Vehicle and Traffic Law § 1192, the Legislature clearly intended this type of cumulative sentence for felony driving while intoxicated convictions (see Missouri v Hunter, 459 US at 368-369). Accordingly, defendant’s sentence does not violate the Double Jeopardy Clause.
County Court has authority to enforce the condition of defendant’s conditional discharge. The condition is that defendant install and maintain an ignition interlock device (see Penal Law § 65.10 [2] [k-1]). If the court has reasonable cause to believe that he has violated that condition, the court may file a declaration of delinquency, order defendant to appear and hold a hearing (see CPL 410.30, 410.40, 410.70). If the court finds defendant delinquent, it may revoke his conditional discharge and impose another sentence, such as a term of probation or a fine (see People v Brown, 40 Mise 3d 821, 825 [2013]; see also Penal Law § 60.01 [3], [4]). Thus, the court does have the authority to enforce the terms of the conditional discharge.[3]
Because County Court revoked the term of probation and substituted a conditional discharge, defendant’s remaining arguments are moot.
Peters, PJ., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

. Defendant was previously convicted of driving while intoxicated in 2003, and has other similar convictions.

. Defendant appealed from his sentence when he received a prison term, fine and probation, but not from the resentencing when the probation was replaced by a conditional discharge. In the interest of judicial economy, we will exercise our discretion and entertain the appeal, despite the notice of appeal being premature with respect to the resentencing, especially considering that defendant had already perfected this appeal before the resentencing occurred (see People v Therrien, 78 AD3d 1331, 1332 [2010]).

. Additionally, operation of a vehicle without a court-ordered ignition interlock device is a class A misdemeanor (see Vehicle and Traffic Law § 1198 [9] [d], [e]), which would subject defendant to further punishment upon conviction.