■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY A. BARKLEY, Appellant. [978 NYS2d 920]—

Peters, P.J.

We affirm. Defendant first contends that the imposition of the three-year conditional discharge, in addition to his prison sentence, constituted a violation of the constitutional prohibition against double jeopardy. However, "[a]s long as the Legislature intended to impose cumulative punishments for a single offense, . . . no constitutional double jeopardy claim is implicated" (*People v Gonzalez*, 99 NY2d 76, 82 [2002]). As relevant here, when a person is convicted of driving while intoxicated under Vehicle and Traffic Law § 1192 (2), "the court may sentence such person to a period of imprisonment . . . and *shall* sentence such person to a period of probation or conditional discharge in accordance with [Penal Law § 65.00] and shall order the installation and maintenance of a functioning ignition interlock device" (Penal Law § 60.21 [emphasis added]). Further, the sentence imposed was permissible in all respects, inasmuch as Penal Law § 65.05 (3) requires that the period of conditional discharge for a felony be three years, and Vehicle

and Traffic Law § 1193 (1) (b) (ii) requires that the ignition interlock condition be imposed for no less than six months. Finally, defendant's contention that his sentence was harsh and excessive is without merit, inasmuch as he received the minimum legally permissible sentence (*see* Penal Law § 70.00 [2], [3]; *People v Iadicicco*, 100 AD3d 1147 [2012]; *People v Caban*, 89 AD3d 1321, 1323 [2011]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.