# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**115**

**KA 11-02360**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RONALD TACKENTIEN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 22, 2011. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class E felony (two counts), criminally negligent homicide and failure to drive on right side of road.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, two counts of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i]) and one count of criminally negligent homicide (Penal Law § 125.10). We reject defendant's contention that the evidence is legally insufficient to support his conviction of criminally negligent homicide. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the People "demonstrated that defendant engaged in conduct exhibiting 'the kind of seriously blameworthy carelessness,' " the seriousness of which " 'would be apparent to anyone who shares the community's general sense of right and wrong' " (*People v Asaro*, 21 NY3d 677, 685, quoting *People v Cabrera*, 10 NY3d 370, 377; *see People v Conway*, 6 NY3d 869, 871-872; *People v Kraft*, 278 AD2d 591, 591-592, *lv denied* 96 NY2d 864; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime of criminally negligent homicide in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Although we agree with defendant that Supreme Court erred in admitting in evidence photographs of the victim's body taken at the accident scene and during the autopsy, we conclude that the error is

harmless (*see People v Holley*, 48 AD3d 481, 481; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  Contrary to defendant's further contention, the court properly sentenced him to five years of probation pursuant to Penal Law § 60.21 (*see People v O'Brien*, 111 AD3d 1028, 1029; *People v Panek*, 104 AD3d 1201, 1201-1202, *lv denied* 21 NY3d 1018).

Finally, the sentence is not unduly harsh or severe.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court