McCarthy, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J), rendered July 9, 2012, convicting defendant upon his plea of guilty of the crime of aggravated driving while intoxicated.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with aggravated driving while intoxicated. Thereafter, pursuant to a negotiated agreement, defendant pleaded guilty to that charge and waived his right to appeal. County Court, consistent with the plea agreement, sentenced defendant, as relevant here, to a prison term of 1 to 4 years, to be served consecutively to his current term of incarceration, followed by a three-year conditional discharge with ignition interlock conditions. Defendant appeals.
We affirm. While defendant’s challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal, the issue is not preserved for our review because the record fails to indicate that he moved to withdraw his plea (see People v Smith, 112 AD3d 1232, 1232-1233 [2013]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]). The exception to the preservation requirement is inapplicable as he made no statements during the colloquy that raised questions about his guilt or the voluntariness of his plea (see People v Brabham, 112 AD3d 1066, 1067 [2013]; People v Bressard, 112 AD3d 988, 988-989 [2013], lv denied 22 NY3d 1137 [2014]). In any event, the record demonstrates that, in conjunction with his plea agreement, defendant was aware of the requirement that he be subject to an ignition interlock condition, which is only effectuated through either the imposition of a period of probation or conditional discharge (see Vehicle and Traffic Law § 1193 [1] [c] [iii]; People v Brainard, 111 AD3d 1162, 1163-1164 [2013]). Finally, defendant’s valid waiver of appeal precludes him from arguing that the agreed-upon sentence is harsh and excessive (see People v Dyckman, 114 AD3d 994, 995 [2014]; People v Orminski, 108 AD3d 864, 866 [2013], lv denied 22 NY3d 958 [2013]). Defendant’s remaining contention was considered and found to be without merit.
Peters, EJ., Lahtinen, Garry and Devine, JJ., concur.
Ordered that the judgment is affirmed.