State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 18, 2014                     105629
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

HERIBERTO A. CAJIGAS,
                         Appellant.
_____


Calendar Date:  November 20, 2014

Before:  McCarthy, J.P., Garry, Lynch and Clark, JJ.

                         _____


        Albert F. Lawrence, Greenfield Center, for appellant.

        Mary E. Rain, District Attorney, Canton (Patricia C.
Campbell, Syracuse, of counsel), for respondent.

                         _____


Garry, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered November 9, 2012, convicting
defendant upon his plea of guilty of the crime of driving while
intoxicated.

        In full satisfaction of an indictment and an uncharged
crime, defendant pleaded guilty to driving while intoxicated and
waived his right to appeal.  Pursuant to the plea agreement,
County Court thereafter sentenced defendant to a prison term of
1⅓ to 4 years, to run consecutively to a term he was currently
serving for an unrelated offense, to be followed by a conditional
discharge of three years to run consecutively to his
imprisonment, with the requirement that he comply with the
ignition interlock program.  Defendant now appeals.

We affirm. While defendant's challenge to the voluntariness of his plea survives his waiver of the right to appeal, the issue is unpreserved for our review as the record does not reveal that he made an appropriate postallocution motion (see People v Fate, 117 AD3d 1327, 1328 [2014]; People v Trombley, 115 AD3d 1114, 1114 [2014], lv denied 23 NY3d 1068 [2014]). Moreover, the narrow exception to the preservation requirement was not implicated, as defendant did not make any statements during the plea colloquy that cast doubt on his guilt or otherwise called into question the voluntariness of his plea (see People v Griffin, 117 AD3d 1339 [2014]; People v O'Neill, 116 AD3d 1240, 1241 [2014]). Contrary to defendant's contention, County Court did not err in imposing the conditional discharge to run consecutively to his prison sentence (see Penal Law § 60.21; People v O'Brien, 111 AD3d 1028, 1029 [2013]).

McCarthy, J.P., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court