*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    March 26, 2015                  106303
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

ERIC J. VANBUSKIRK,
                    Appellant.
_____


Calendar Date:   February 20, 2015

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____


        Tabner Ryan & Keniry, LLP, Albany (Brian M. Quinn of
counsel), for appellant.

        Karen A. Heggen, District Attorney, Ballston Spa (Ann C.
Sullivan of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered August 5, 2013, convicting
defendant upon his plea of guilty of the crime of driving while
intoxicated.

        Defendant waived indictment and agreed to be prosecuted by
a superior court instrument charging him with driving while
intoxicated as a felony (see Vehicle and Traffic Law § 1192
[3]).[1]  Pursuant to a plea agreement, defendant pleaded guilty to

_____

        [1]  An information setting forth defendant's prior conviction
in 2006 under the same statutory subdivision for driving while

that charge and waived his right to appeal, both orally and in writing.  Consistent with the plea agreement, County Court sentenced defendant to a prison term of 1 to 3 years, followed by a three-year conditional discharge with ignition interlock conditions.  Defendant appeals.

We affirm.  Contrary to defendant's contention on appeal, he was clearly informed during the plea colloquy and in the written appeal waiver that the plea agreement included a consecutive three-year period of conditional discharge with ignition interlock conditions (see People v Griffin, 117 AD3d 1339, 1339 [2014]).  Where, as here, a person is convicted under Vehicle and Traffic Law § 1192 (3), a sentencing court is required to impose a period of probation or conditional discharge consecutive to any period of imprisonment and "shall order the installation and maintenance of a functioning ignition interlock device" (Penal Law § 60.21; see Vehicle and Traffic Law §§ 1193 [1] [c] [iii]; 1198 [2], [5]; People v Barkley, 113 AD3d 1002, 1002-1003 [2014]; People v Brainard, 111 AD3d 1162, 1164 [2013]).  Defendant's claim that consideration should have been given to his ability to pay for the installation of this device was not raised at or before sentencing, and the record does not reflect that he made a postallocution motion to withdraw his plea on this ground or an application for resentencing (see CPL 420.10 [5]).  As such, the issue is unpreserved for our review (see CPL 470.05 [2]; People v Lazore, 102 AD3d 1017, 1017-1018 [2013]), as is defendant's challenge to the presentence report (see People v Lazore, 102 AD3d at 1017-1018; People v Ruff, 50 AD3d 1167, 1168 [2008]).

Lahtinen, J.P., Garry and Devine, JJ., concur.

---

intoxicated was filed with the superior court instrument, which defendant admitted, satisfying the statutory prerequisite to charge him with driving while intoxicated as a felony (see Vehicle and Traffic Law § 1193 [c] [i]).

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court