*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    106326
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                MEMORANDUM AND ORDER

JAMES CONLEY,
                        Appellant.
_____

Calendar Date:   December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        John Ferrara, Monticello, for appellant, and appellant
pro se.

        James R. Farrell, District Attorney, Monticello (Michael J.
Andreani of counsel), for respondent.

                        _____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered November 12, 2013, convicting
defendant upon his plea of guilty of the crimes of course of
sexual conduct against a child in the first degree and incest in
the first degree.

        Defendant pleaded guilty to course of sexual conduct
against a child in the first degree and incest in the first
degree and waived his right to appeal.  County Court thereafter
sentenced him to two concurrent prison terms of 18 years, to be
followed by 20 years of postrelease supervision.  Defendant now
appeals.

We affirm. Defendant's valid and uncontested waiver of the right to appeal the judgment of conviction and sentence precludes both his challenge to the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Morrison, 106 AD3d 1201, 1202 [2013], lv denied 23 NY3d 1065 [2014]) and his challenge to County Court's denial of his application to redact certain information contained in the presentence investigation report (see People v Joslin, 130 AD3d 1093, 1093-1094 [2015], lv denied 26 NY3d 1009 [2015]; People v Guyette, 121 AD3d 1430, 1431 [2014]). To the extent that defendant argues in his pro se brief that his plea was not knowing, intelligent and voluntary because it was coerced, this issue is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Colon, 106 AD3d 1367, 1368 [2013]; People v Morelli, 46 AD3d 1215, 1216 [2007], lv denied 10 NY3d 814 [2008]). Further, the narrow exception to the preservation rule is inapplicable here, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Kormos, 126 AD3d 1039, 1040 [2015]; People v Cajigas, 123 AD3d 1299, 1300 [2014]). Defendant's remaining claims, to the extent they are properly before us, have been considered and found to be without merit.

Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court