[65 NYS3d 279]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA B. COON, Appellant.

Third Department, November 22, 2017

APPEARANCES OF COUNSEL

*David E. Woodin*, Catskill, for appellant.

*D. Holley Carnright, District Attorney*, Kingston (*Joan Gudesblatt Lamb* of counsel), for respondent.

**OPINION OF THE COURT**

AARONS, J.

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 21, 2016, which revoked defendant's conditional discharge and imposed an additional term of imprisonment.

In 2012, defendant pleaded guilty to driving while intoxicated (hereinafter DWI) as a class D felony (*see* Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and waived his right to appeal. In 2013, he was sentenced in accordance with the plea agreement to a definite jail term of one year, followed by three years of conditional discharge. The terms of the conditional discharge, which ran consecutively to the one-year jail term, required that an ignition interlock device be installed in any vehicle driven by him. After defendant served his jail term in full, a declaration of delinquency was filed in 2015 claiming that he violated his conditional discharge by, among other things, operating a vehicle without an ignition interlock device. Defendant subsequently admitted to violating the terms of his conditional discharge. In 2016, County Court revoked defendant's conditional discharge and sentenced him to an additional term of imprisonment of 2 to 6 years "for [the] initial conviction of [DWI]," to be followed by three years of conditional discharge. Defendant appeals.

"The Legislature provided that individuals convicted of felony [DWI] may be punished by a fine within a certain dollar range,

imprisonment as provided in the Penal Law, or both" (*People v Brainard*, 111 AD3d 1162, 1163 [2013] [citation omitted]; *see* Vehicle and Traffic Law § 1193 [1] [c] [ii]). Additionally, a conviction of DWI pursuant to, as is relevant here, Vehicle and Traffic Law § 1192 (3) requires that a period of probation or conditional discharge be imposed and includes the condition that an ignition interlock device be used and maintained in any vehicle driven by such person (*see* Vehicle and Traffic Law § 1193 [1] [c] [iii]). Moreover, if a term of imprisonment is imposed, the period of probation or conditional discharge must run consecutively to the sentence imposed (*see* Penal Law § 60.21). This component of directing that the probationary or conditional discharge term run consecutively is permitted "[n]otwithstanding" Penal Law § 60.01 (2) (Penal Law § 60.21). In other words, it is a statutory exception. While the application and interpretation of this exception have been the subject of various disputes (*see e.g. People v Smith*, 154 AD3d 714, 714-715 [2017]; *People v Vanbuskirk*, 126 AD3d 1239, 1240 [2015]; *People v Cajigas*, 123 AD3d 1299, 1300 [2014]; *People v Segatol-Islami*, 121 AD3d 1575, 1577 [2014], *lv denied* 24 NY3d 1221 [2015]; *People v Barkley*, 113 AD3d 1002, 1002-1003 [2014]; *People v Brainard*, 111 AD3d at 1163-1164; *People v O'Brien*, 111 AD3d 1028, 1029 [2013]; *People v Panek*, 104 AD3d 1201, 1201-1202 [2013], *lv denied* 21 NY3d 1018 [2013]), the sentence imposed in 2013—i.e., the one-year definite jail term to be followed by three years of conditional discharge—is not in question.

Rather, this appeal centers on the prison sentence of 2 to 6 years imposed in 2016 upon defendant's admission that he violated the terms of the conditional discharge by operating a vehicle without an ignition interlock device. In particular, defendant contends that, in these circumstances, where he has already served and completed the one-year definite sentence imposed for the DWI conviction, County Court was not authorized to impose an additional term of imprisonment upon his violation of the conditional discharge terms. Defendant's unique circumstances, while addressed by some trial courts (*see People v Maier*, 41 Misc 3d 1234[A], 2013 NY Slip Op 51978[U], *2 [Town of Webster Just Ct, Monroe County 2013]; *People v Brown*, 40 Misc 3d 821, 824 [2013]), have eluded the appellate courts until now. For the reasons that follow, we agree with defendant and remit the matter for further proceedings.

Initially, it is helpful to note what this case does not present. This is not a case in which a sentence is being crafted for a defendant who was originally sentenced only to a period of probation or conditional discharge and thereafter violated the terms of such period (*see e.g. People v Barkley*, 113 AD3d at 1002; *People v Panek*, 104 AD3d at 1201; *People v Charland*, 30 AD3d 838, 838 [2006]; *People v Gathogo*, 276 AD2d 925, 926 [2000], *lv denied* 96 NY2d 734 [2001]; *People v Bennett*, 269 AD2d 401, 401 [2000], *lv denied* 94 NY2d 916 [2000]). Defendant does not dispute that, in these instances, imposing a term of imprisonment would not be illegal upon the violation of the terms of the probation or conditional discharge and the revocation thereof. Nor was defendant's original sentence a split sentence comprised of a six-month term of imprisonment with a concurrent term of probation or conditional discharge (*see* Penal Law § 60.01 [2] [d]; *see e.g. People v Zephrin*, 14 NY3d 296, 299-300 [2010]; *People v Hill*, 148 AD3d 1469, 1469 [2017], *lv denied* 29 NY3d 1080 [2017]; *People v Smurphat*, 91 AD3d 980, 980 [2012], *lv denied* 18 NY3d 962 [2012]).[1] Under this scenario, defendant also could be sentenced to a term of imprisonment for violating the terms of probation or conditional discharge.

Defendant's situation is different presumably due to the fact that defendant's original sentence was borne out from the exception created by Penal Law § 60.21. Defendant served the one-year jail term and, more critically, he served it first. Furthermore, defendant did not serve part of his one-year sentence; rather, he completed the entirety of that definite sentence. Because of the statutory command of Penal Law § 60.21, the conditional discharge period had to run consecutively to the period of incarceration and, therefore, commenced upon his release from jail. It was during the time following defendant's completion of the one-year definite sentence that he admittedly operated a vehicle without an ignition interlock device and violated the terms of the conditional discharge. The statutory framework governing sentencing does not cover these factual circumstances. The enactment of Penal Law § 60.21 spawned the type of sentence that was imposed upon defendant in 2013 for his DWI conviction—i.e., a definite term of incarceration with a period of conditional discharge to run consecutively. There were, however, no corresponding statutes

---

1. Penal Law § 60.01 (2) (d) provides that "[t]he sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation or conditional discharge."

or amendments to already existing statutes that delineated the type of sanctions that courts could impose in a case such as this one.

Nor do we agree with the People that a term of imprisonment was authorized by virtue of CPL 410.70 (5), which governs sentences imposed when the trial court revokes a conditional discharge. As relevant here, "[w]here the court revokes the [conditional discharge], it must impose [a] sentence as specified in [Penal Law § 60.01 (3)]" (CPL 410.70 [5]). One of those sentences is a term of imprisonment (*see* Penal Law § 60.01 [3] [a]). Once again, however, it bears repeating that this is not a situation in which defendant was sentenced only to a period of conditional discharge. It is also not a situation in which defendant would be continuing a partly served indeterminate sentence after a conditional discharge violation. Rather, before defendant's conditional discharge period took effect, he first had to, and did, serve his one-year definite jail sentence. As defendant correctly points out, because he completed that definite one-year sentence, a term of imprisonment imposed due to his conditional discharge violation would amount to an impermissible second irrevocable sentence for his DWI conviction and would be in excess of the maximum allowable.[2] Accordingly, a term of imprisonment under Penal Law § 60.01 (3) (a) is not a viable option in these circumstances.

The People also contend that public policy dictates the imposition of a prison term for defendant's violation of the conditional discharge terms. The People favor a trial court having within its arsenal the ability to sentence a defendant who operates a vehicle without an ignition interlock device in contravention of the conditional discharge terms to a period of imprisonment as a means of deterrence. The People raise a valid concern given that the policy of keeping drunk drivers off the streets is a laudable goal. Indeed, DWI "is a very serious crime that has long posed a menace to highway safety and has caused many tragic consequences" (*People v Washington*, 23 NY3d 228, 231 [2014] [internal quotation marks and citations omitted]; *see generally People v Kelley*, 141 AD2d 764, 765 [1988]). Achieving it, however, cannot come at the steep price of imprisoning an individual and depriving such individual of his or her freedom in the absence of the statutory authority to

---

2. As an alternative to an indeterminate prison term for a class D felony, a court "may impose a definite sentence of imprisonment and fix a term of one year or less" (Penal Law § 70.00 [4]).

do so. Whether such absence was intentional or unintentional by the Legislature, we cannot sanction nor can we countenance a term of imprisonment when no sentencing statute specifically permits such result for an individual who has already served a definite irrevocable sentence and subsequently violates the terms of a conditional discharge that ran consecutively to that sentence.

While the statutory scheme does not authorize the imposition of an additional term of imprisonment, where a period of imprisonment has been imposed and served upon the conviction of DWI and thereafter it is established that a defendant violates his or her conditional discharge by operating a vehicle without the ignition interlock device, the court "may revoke his [or her] conditional discharge and impose another sentence, such as a term of probation or a fine" (*People v Brainard*, 111 AD3d at 1164; *see People v Brown*, 40 Misc 3d at 824-825). Furthermore, the failure to abide by such condition that precludes the operation of a motor vehicle without an ignition interlock device by a person convicted of a DWI can form the basis for a new charge pursuant to Vehicle and Traffic Law § 1198 (9) (e), which is a class A misdemeanor. As such, viable penalties do exist. Had the Legislature intended for more stringent penalties, it would have provided for them in the applicable statutes.

"A defendant must be sentenced according to the law as it existed at the time that he or she committed the offense" (*People v DePerno*, 92 AD3d 1089, 1090 [2012] [citations omitted]), and, at the time defendant operated a vehicle without an ignition interlock device, the applicable law did not allow for the imposition of an additional period of imprisonment as done by County Court and as advocated by the People. Accordingly, defendant's sentence of 2 to 6 years followed by three years of conditional discharge must be vacated. In light of our determination, it is unnecessary to address defendant's double jeopardy argument.

GARRY, J.P., DEVINE, MULVEY and RUMSEY, JJ., concur.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.