People v Arvidson (2018 NY Slip Op 01682)





People v Arvidson


2018 NY Slip Op 01682


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108953

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES J. ARVIDSON, Appellant.

Calendar Date: January 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Rumsey, JJ.


LaMarche Safranko Law PLLC, Clifton Park (Andrew R. Safranko of counsel), for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 8, 2016, which revoked defendant's conditional discharge and imposed an additional term of imprisonment.
In 2012, defendant pleaded guilty to driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. He was sentenced to an aggregate jail term of one year, followed by three years of conditional discharge for the driving while intoxicated conviction. The term of the conditional discharge ran consecutively to the one-year jail term and required that an ignition interlock device be installed on any vehicle driven by defendant (see Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [iii]; Penal Law § 60.21).
After he served his jail term, a declaration of delinquency was filed in 2015, claiming that he violated his conditional discharge by operating a vehicle without an ignition interlock device. In 2016, defendant admitted to violating the terms of his conditional discharge, and County Court revoked the conditional discharge and sentenced him to an additional aggregate prison term of 1 to 3 years, to be followed by three years of conditional discharge. Defendant appeals.
The People concede, and we agree, that pursuant to our recent decision in People v Coon (156 AD3d 105 [2017]), the sentence of imprisonment imposed upon defendant's violation of the terms of his conditional discharge must be vacated. "A defendant must be sentenced according to the law as it existed at the time that he or she committed the offense and, at the time defendant operated a vehicle without an ignition interlock device, the applicable law did not allow for the imposition of an additional period of imprisonment" (id. at 110 [internal quotation [*2]marks and citations omitted]).
Garry, P.J., Egan Jr., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.