People v Zirbel (2018 NY Slip Op 02064)





People v Zirbel


2018 NY Slip Op 02064


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


251 KA 16-02331

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLAUDE E. ZIRBEL, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered December 6, 2016. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for resentencing.
Memorandum: In 2011, defendant pleaded guilty to driving while intoxicated (DWI) as a class D felony and aggravated unlicensed operation of a motor vehicle in the first degree, and he was sentenced to concurrent indeterminate terms of imprisonment of 1&frac13; to 4 years, to be followed by five years of probation. With respect to the probation portion of the sentence, County Court also imposed the condition of an ignition interlock device. After serving a full four years, defendant violated his probation when he was caught in possession of alcohol during a home visit by his parole officer. Defendant admitted to the violation, his probation was revoked, and then he was restored to probation with credit for the time already served on probation, with all other conditions remaining the same. Over a year later, defendant was again brought before the court for a violation of probation after he was arrested for, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree, felony driving while intoxicated, refusal to take a breath test, and operating a vehicle without an ignition interlock device. The People, noting that this was defendant's second violation, requested the maximum prison sentence for the violation, i.e., 2&frac13; to 7 years of imprisonment.
At subsequent appearances, defense counsel took the position that, because defendant "maxed out his underlying time," he could not then be sentenced to additional prison time for the probation violation. He further argued that the period of probation or conditional discharge set forth in Penal Law § 60.21, pursuant to which he was sentenced, "is exclusively for purposes of monitoring the ignition interlock device." The People disagreed, arguing that defendant "did not max out his time, because he got less than the maximum the first time around. He only got one and [a] third to four. He was facing, on a D felony, two and [a] third to seven. So it's [the People's] position that he can get the two and a third to seven at this point in time." The court agreed with the People and sentenced defendant to 2&frac13; to 7 years of imprisonment, to be followed by five years of probation. Defendant appeals.
We agree with defendant that the court lacked the authority to sentence him to more prison time after his initial term of imprisonment was completed (see People v Coon, 156 AD3d 105, 106-110 [3d Dept 2017]).
The facts of Coon are nearly indistinguishable from those herein. In Coon, the defendant pleaded guilty to felony DWI and was sentenced to a definite jail term of one year, followed by three years of conditional discharge, pursuant to Penal Law § 60.21. After defendant served his [*2]entire prison term and while he was under the conditional discharge, defendant admitted to violating the conditional discharge by operating a vehicle without an ignition interlock device (id. at 106). County Court revoked defendant's conditional discharge and sentenced him to "an additional term of imprisonment of 2 to 6 years for [the] initial conviction of [DWI],' to be followed by three years of conditional discharge" (id.). The Third Department modified the judgment by vacating the sentence and remitted the matter to County Court for resentencing. The Third Department held that, "where [the defendant] has already served and completed the one-year definite sentence imposed for the DWI conviction, County Court was not authorized to impose an additional term of imprisonment upon his violation of the conditional discharge terms" (id. at 107). In reaching that conclusion, the Third Department noted that "[t]he statutory framework governing sentencing does not cover these factual circumstances," and there were "no corresponding statutes or amendments to already existing statutes that delineated the types of sanctions that courts could impose in a case such as this one" (id. at 108-109).
While here defendant was sentenced to an indeterminate term of imprisonment followed by probation instead of a definite jail term followed by a conditional discharge, we conclude that those distinctions are immaterial. Defendant served the maximum term of imprisonment imposed, i.e., four years on his sentence of 1&frac13; to 4 years, and we conclude that he cannot be subjected to additional prison time under the guise of a sentence based on a probation or conditional discharge violation when, in fact, he was resentenced for the initial offense. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. In light of our determination, we do not address defendant's remaining
contention.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court