People v Dancy (2022 NY Slip Op 03904)

People v Dancy

2022 NY Slip Op 03904

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-04218
 (Ind. No. 10009/19)

[*1]The People of the State of New York, respondent,
v
Robert J. Dancy, appellant.

Steven A. Feldman, Manhassat, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 8, 2019, convicting him of vehicular manslaughter in the first degree, upon his plea of guilty, imposing a sentence of imprisonment, and directing the defendant to install and maintain an ignition interlock device on any vehicle he has access to for a period of three years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as directed the defendant to install and maintain an ignition interlock device on any vehicle he has access to for a period of three years; as so modified, the judgment is affirmed, and the matter is remitted to County Court, Dutchess County, for resentencing in accordance herewith.
The defendant's contention that the sentence imposed violated the Eighth Amendment to the United States Constitution and article I, § 5 of the New York State Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730; People v Keller, 201 AD3d 657, 657), and, in any event, without merit (see People v Hassan, 172 AD3d 744, 745; People v Miller, 74 AD3d 1097, 1097). Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that the County Court could not require him to install and maintain an ignition interlock device for a three-year period absent a sentence of probation or, in effect, conditional discharge is unpreserved for appellate review (see CPL 470.05[2]). However, we consider the merits of the issue in the exercise of our interest of justice jurisdiction (see id. § 470.15[3][c]).
Vehicle and Traffic Law § 1198(2)(a) provides that "[i]n addition to any other penalties prescribed by law, the court shall require that any person who has been convicted of a violation of [Vehicle and Traffic Law § 1192(2), (2-a), or (3)], or any crime defined by this chapter or the penal law of which an alcohol-related violation of any provision of [Vehicle and Traffic Law § 1192] is an essential element, to install and maintain, as a condition of probation or conditional discharge, a functioning ignition interlock device in accordance with the provisions of this section [*2]and, as applicable, in accordance with the provisions of [Vehicle and Traffic Law § 1193(1) and (1-a)]." Vehicle and Traffic Law § 1193(1)(b)(ii) provides that the court shall "sentence such person convicted of . . . a violation of [Vehicle and Traffic Law § 1192(2), (2-a), or (3)] to a term of probation or conditional discharge, as a condition of which it shall order such person to install and maintain, in accordance with the provisions of [Vehicle and Traffic Law § 1198], an ignition interlock device in any motor vehicle owned or operated by such person."
In directing the defendant to install and maintain a functioning ignition interlock device, the County Court failed to also impose a sentence of probation or conditional discharge and therefore failed to comply with the requirements of the statute (see id. §§ 1193[1][b][ii]; 1198[2][a]; see generally People v Brainard, 111 AD3d 1162). Accordingly, the ignition interlock device directive must be vacated and the matter must be remitted to the County Court, Dutchess County, for resentencing to impose upon the defendant a conditional discharge and to require that he install and maintain an ignition interlock device for a period of three years following his release from prison (cf. People v Sparber, 10 NY3d 457).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court