■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BRUNNER, Appellant. [666 NYS2d 247] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 27, 1997, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While incarcerated at Barehill Correctional Facility in Franklin County, defendant was found to be in possession of a sharpened metal rod. Thereafter, he was charged with promoting prison contraband in the first degree. Following the appointment of an attorney to represent him in the proceedings, defendant pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years to run consecutive to the prison term he was then serving. On appeal, defendant contends, *inter alia*, that he was denied the effective assistance of counsel.

Based upon our review of the record, we find that this claim lacks merit. Defendant contends that defense counsel never informed him that a definite or intermittent sentence of one year in prison was available upon being convicted of the crime of attempted promoting prison contraband in the first degree, a class E felony, or of the consequences of admitting to the second felony offender statement. Initially, while a one-year definite or intermittent sentence may be imposed in connection with a conviction for a class E felony (*see*, Penal Law § 70.00 [4]; § 85.00 [2] [a]), such a sentence is available only if the defendant is not a second or a persistent felony offender. Given defendant's extensive criminal record, he was not eligible for this sentence and, therefore, defense counsel was not remiss in failing to advise him of it.

As for defense counsel's purported failure to inform defendant of the ramifications of admitting to the second felony offender statement, defendant had little choice but to admit to

this statement or risk being sentenced as a persistent felony offender to a significantly greater term (see, Penal Law § 70.10 ■). Moreover, had defendant been convicted after trial of the crime with which he was originally charged and been sentenced as a second felony offender, he could have received a prison sentence of 3½ to 7 years in prison, nearly twice the sentence he received through the plea bargain (see, Penal Law § 70.06 ■ [d]; [4] [b]). In view of defense counsel's efforts in securing a very favorable plea bargain for defendant, we cannot conclude that defendant was denied meaningful representation (see, People v Chevalier, 226 AD2d 925, 928, lv denied 88 NY2d 934; People v Caprood, 176 AD2d 982, 983). We have considered defendant's remaining claim and find it to be unavailing.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.