*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                    106225
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                MEMORANDUM AND ORDER

DANIEL G. JOSLIN,
                        Appellant.
_____

Calendar Date:   May 27, 2015

Before:   Peters, P.J., Lahtinen, Garry and Devine, JJ.

                        _____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Richard D. Northrup Jr., District Attorney, Delhi (John L. Hubbard of counsel), for respondent.

                        _____

Lahtinen, J.

        Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 14, 2013, convicting defendant upon his plea of guilty of the crime of rape in the first degree (two counts).

        Defendant was charged in an indictment with criminal sexual act in the first degree (two counts), sexual abuse in the first degree and course of sexual contact against a child in the first degree, stemming from allegations that he subjected two children to acts of sexual contact when they were both 11 years old.  The indictment also charged defendant with rape in the first degree (two counts), based upon allegations that he subjected one of the victims to sexual intercourse by forcible compulsion when the victim was an adult.  Defendant pleaded guilty to the two rape

charges in full satisfaction of the indictment and waived his right to appeal. County Court sentenced defendant in accordance with the terms of the plea agreement to concurrent prison terms of 10 years, to be followed by 20 years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that County Court's failure to redact certain statements and information contained in the presentence investigation report violated his due process rights. Defendant does not contest the validity of his waiver of the right to appeal, and our review of the record confirms that the waiver was knowing, intelligent and voluntary. Inasmuch as the failure to redact information contained in the presentence investigation report "does not involve a right of constitutional dimension going to 'the very heart of the process'" (People v Lopez, 6 NY3d 248, 255 [2006], quoting People v Hansen, 95 NY2d 227, 230 [2000]), defendant's challenge to County Court's denial of his application to redact the information is precluded by his appeal waiver (see People v Guyette, 121 AD3d 1430, 1431 [2014]; People v Abdul, 112 AD3d 644, 645 [2013], lv denied 22 NY3d 1136 [2014]; People v Moquette, 200 AD2d 854, 854 [1994], lv denied 83 NY2d 874 [1994]).

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court