People v Irizarry (2018 NY Slip Op 07910)





People v Irizarry


2018 NY Slip Op 07910


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1217 KA 16-01547

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR M. IRIZARRY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 31, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rodriguez, 156 AD3d 1433, 1433 [4th Dept 2017], lv denied 30 NY3d 1119 [2018]). The waiver "was not rendered invalid based on [Supreme C]ourt's failure to require defendant to articulate the waiver in his own words" (People v Scott, 144 AD3d 1597, 1597 [4th Dept 2016], lv denied 28 NY3d 1150 [2017] [internal quotation marks omitted]). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see People v Hidalgo, 91 NY2d 733, 737 [1998]).
To the extent that defendant's contention that he received ineffective assistance of counsel survives his plea and valid waiver of the right to appeal (see generally People v Livermore, 161 AD3d 1569, 1570 [4th Dept 2018], lv denied 32 NY3d 939 [2018]), we conclude that it lacks merit. Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]). Defendant contends that his first counsel was ineffective in filing a motion to suppress that was summarily denied because it did not make sufficient factual allegations (see generally CPL 710.60 [1]; People v Long, 8 NY3d 1014, 1015 [2007]). Defendant, however, "has not shown that defense counsel was able to make a more detailed suppression motion, or that such a motion[,] if made, would have been successful,' and thus he has not establish[ed] that defense counsel was ineffective in failing to make such a motion' " (People v Larkins, 153 AD3d 1584, 1586 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]). Defendant contends that his second counsel was ineffective when he stated at sentencing that a prior conviction affected only the minimum sentence that defendant could receive as a second felony offender. Although defendant contends that his second felony offender status had other future implications that defense counsel failed to explain, it is apparent that defense counsel was simply discussing the ramifications of the prior conviction on the sentence in this case, and defendant has not established that counsel was ineffective in doing so (see generally People v Brunner, 244 AD2d 831, 831-832 [3d Dept 1997]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court