People v Clay (2026 NY Slip Op 00038)

People v Clay

2026 NY Slip Op 00038

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

CR-24-0666 CR-25-0093
[*1]The People of the State of New York, Respondent,
vRaheim Clay, Also Known as Juicy, Appellant.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Power and Mackey, JJ.

Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Christopher D. Horn of counsel), for respondent.

McShan, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered October 8, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and sexual abuse in the first degree, and (2) by permission, from an order of said court (Matthew Sypniewski, J.), entered August 13, 2024, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in August 2020 by a 10-count indictment with, among other crimes, criminal possession of a weapon in the second degree and sexual abuse in the first degree. In August 2021, defendant appeared before County Court (Caruso, J.) and, after a brief recess to consider a plea offer from the People, accepted said offer and pleaded guilty to criminal possession of a weapon in the second degree and sexual abuse in the first degree in satisfaction of the indictment. In connection with his plea, defendant waived his right to appeal orally and in writing. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of 10 years, to be followed by five years of postrelease supervision, for the weapon possession conviction and a concurrent prison term of seven years, to be followed by 15 years of postrelease supervision, for the sexual abuse conviction.
In July 2023, defendant filed a pro se CPL 440.10 motion, alleging ineffective assistance of counsel based upon counsel's failure to, among other things, move to withdraw his guilty plea on the basis of prosecutorial misconduct. County Court (Sypniewski, J.) denied the motion finding, among other things, that defendant received the effective assistance of counsel. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL article 440 motion.
On direct appeal, defendant contends that his guilty plea was not knowingly, voluntarily and intelligently entered and was the result of undue coercion. Although defendant's claim survives his unchallenged appeal waiver (see People v Scully, 242 AD3d 1259, 1259 [3d Dept 2025]; People v Clerveau, 174 AD3d 1066, 1066 [3d Dept 2019], lv denied 34 NY3d 949 [2019]), his failure to make an appropriate postallocution motion, despite ample opportunity to do so, renders his argument unpreserved (see People v Gibbs, 232 AD3d 937, 939 [3d Dept 2024]; People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; People v Putman, 169 AD3d 1114, 1115 [3d Dept 2019]; People v Richmond, 158 AD3d 980, 980 [3d Dept 2018]). "Additionally, as defendant did not make any statements during the plea colloquy or at sentencing that were inconsistent with his guilt or that otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable" (People v Drake, 179 AD3d 1221, 1222 [3d Dept 2020] [citations omitted], lv denied 35 NY3d 941 [2020]; see People v Stuber, 205 AD3d [*2]1147, 1148 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Defendant's related argument that he was unfairly compelled to plead guilty by the issuance of an overbroad protective order is foreclosed by his guilty plea (see People v Peterson, 225 AD3d 1098, 1099 [3d Dept 2024]; People v Salters, 187 AD3d 1677, 1677 [4th Dept 2020], lv denied 36 NY3d 975 [2020]) as well as his unchallenged appeal waiver (see People v Perry, 50 AD3d 1244, 1245 [3d Dept 2008], lv denied 10 NY3d 963 [2008]; People v Mendez, 45 AD3d 1109, 1110 [3d Dept 2007]). Defendant's argument that County Court (Caruso, J.) failed to redact certain statements in the presentence report is also foreclosed by the unchallenged appeal waiver (see People v Blair, 148 AD3d 1426, 1426-1427 [3d Dept 2017], lv denied 29 NY3d 1029 [2017]; People v Joslin, 130 AD3d 1093, 1093 [3d Dept 2015], lv denied 26 NY3d 1009 [2015]).[FN1]
Defendant further argues that the People engaged in prosecutorial misconduct by failing to turn over a specific photograph that depicted the victim in defendant's home on the day of the incident. That argument, which essentially contends that the People violated their Brady obligations, is premised on defendant's unsupported belief that the People possessed the photograph and withheld it.[FN2] That argument lacks merit. Given the description of the photograph advanced by defendant, it would be inculpatory in nature and, therefore, would not fall within the Brady rule (see People v Kocsis, 137 AD3d 1476, 1478 [3d Dept 2016]; People v Hotaling, 135 AD3d 1171, 1173 [3d Dept 2016]; People v Battease, 3 AD3d 601, 603 [3d Dept 2004]; People v Edkin, 210 AD2d 808, 809 [3d Dept 1994]; see also People v Ruple, 239 AD3d 1040, 1044 [3d Dept 2025], lv denied 44 NY3d 1013 [2025]). Moreover, in insisting that the People failed to turn over the photograph, defendant relied on the People's CPL 245.20 disclosure form which indicated that they were in possession of photographs of defendant's address; however, there was no indication as to the date of those photographs or whether the victim was depicted in them (see People v Ruple, 239 AD3d at 1044). In fact, at sentencing, the People confirmed that the photograph that defendant described was not in their possession. Thus, there is no basis to find that a Brady violation had occurred (see People v Watson, 198 AD2d 461, 463 [2d Dept 1993], lv denied 83 NY2d 811 [1994]; People v Mullady, 180 AD2d 408, 409 [1st Dept 1992], lv denied 80 NY2d 835 [1992]).
The resolution of the Brady contention dovetails with defendant's arguments with respect to the denial of his CPL 440.10 motion without a hearing. Defendant's principal arguments on his motion are premised on counsel's purported failure to secure the aforementioned photograph from the People and the corresponding failure to file a motion to withdraw his plea once counsel learned that the photograph was not in the People's possession. However, "[a]s there is no indication that the [purported photograph[*3]] contained exculpatory evidence, there is no support for defendant's contention that possession of [it] would have influenced his decision to plead guilty" (People v Miles, 205 AD3d 1222, 1224 [3d Dept 2022], lv denied 38 NY3d 1189 [2022]). Further, prior to sentencing, defendant became aware that the photograph was not in the People's possession, and he made no assertion in his supporting affidavit that he asked counsel to withdraw his plea at that time (see e.g. People v Jackson, 159 AD3d 1276, 1277 [3d Dept 2018], lv denied 31 NY3d 1149 [2018]). Rather, what is abundantly clear from this record is that counsel secured an extremely favorable plea for defendant in the face of significant sentencing exposure, particularly considering his lengthy criminal history (see People v Gonyea, 211 AD3d 1102, 1104-1105 [3d Dept 2022], lv denied 39 NY3d 1110 [2023]; People v Fish, 208 AD3d 1546, 1549 [3d Dept 2022]; People v Brunner, 244 AD2d 831, 832 [3d Dept 1997]; see also People v Sabin, 179 AD3d 1401, 1403 [3d Dept 2020], lv denied 35 NY3d 995 [2020]). Accordingly, when viewing the totality of his representation, we find no basis to conclude that counsel was deficient and are satisfied that County Court (Sypniewski, J.) properly denied the motion without a hearing (see People v Guilianelle, 233 AD3d 1179, 1181 [3d Dept 2024], lv denied 43 NY3d 1009 [2025]; People v Kuhn, 221 AD3d 1182, 1185 [3d Dept 2023], lv denied 41 NY3d 1019 [2024]). "To the extent that defendant suggests that he would not have pleaded guilty but for counsel's purported errors, our determination as to the sufficiency of counsel's representation renders his argument without merit" (People v Drake, 224 AD3d 1138, 1142 [3d Dept 2024]; see People v Mangarillo, 152 AD3d 1061, 1065-1066 [3d Dept 2017]). Defendant's remaining contentions, to the extent not addressed, have been considered and found unavailing.
Pritzker, J.P., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: A number of the challenged statements in the presentence report were removed by County Court (Caruso, J.) at defendant's request and, as defendant did not object to those alterations, he has waived any contention thereto (see People v Bailey, 232 AD3d 1031, 1035 n 3 [3d Dept 2024], lv denied 43 NY3d 929 [2025]; People v Walworth, 167 AD2d 622, 623 [3d Dept 1990]).
Footnote 2: Although defendant advances this position in his appellate brief, it is notable that his affidavit in support of his CPL 440.10 motion essentially concedes that the People did not possess a photograph matching the description he provided.